**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CIVICA SIMPSON,
individually, and on behalf of E.S.,
and A.S., minors,

        Petitioner,

v.   Case No: 6:23-cv-98-WWB-DAB

STATE OF FLORIDA
DEPARTMENT OF CHILDREN
AND FAMILIES; CHILDREN'S
LEGAL SERVICES; DEPARTMENT
OF CHILDREN AND FAMILIES;
STEPHANIE CIRCOSTA; KOREY
WALDROP; REBECCA
LAGUARDIA; and MICHELE LNU,

        Respondents.

_____

**REPORT AND RECOMMENDATION**

The following Motion was considered without oral argument:

> **MOTION:** EMERGENCY AMENDED PETITION FOR WRIT OF MANDAMUS AND FOR WRIT OF QUO WARRANTO (Doc. No. 5)
>
> **FILED:** January 24, 2023
>
> _____
>
> It is **RECOMMENDED** that the amended petition be **DISMISSED without prejudice for lack of subject matter jurisdiction.** In addition, Petitioner's other pending motions (Doc. Nos. 7, 8, and 10) should be **DENIED as moot**.

This matter is before the Court on the Amended Petition for Writ of Mandamus and for Writ of Quo Warranto (the "Amended Petition") filed by Petitioner Civica Simpson on January 24, 2023, seeking the issuance of a writ of mandamus to Respondent State of Florida Department of Children and Families (the "Department") and five other respondents that include Children's Legal Services, a guardian ad litem, two investigators from the Seminole County Sheriff's Office, and a case worker. Doc. No. 5. According to Petitioner, Respondents "have violated several Constitutional Rights, laws, statutes and codes of conduct," including, among other things, Petitioner's due process rights and parental rights. *Id.* at 3, 4. Upon my consideration of the Amended Petition, the Court lacks subject matter jurisdiction over this case, so I recommend that Petitioner's Amended Petition be dismissed without prejudice.

Petitioner is the mother of two minor children, E.S. and A.S. It appears that she lost custody of her children on September 6, 2022. Doc. No. 5 at 4. A dependency adjudication trial or adjudicatory hearing was held in Seminole County Circuit Court in case number 2022DP000128 on January 5, 2023, where the court granted the Department's request "to authorize a change of placement of the child to James Taylor upon the filing of a positive home study" and ordered Petitioner to continue to follow a no-contact order or otherwise be held in contempt of court. Doc. No. 5-3. Petitioner requests the Court to issue a writ of

2

mandamus to Respondents directing them to (1) dismiss case number 2022DP000128 as "void with prejudice"; (2) permanently remove Petitioner's name from a registry; (3) produce any and all "documentations, videos, notes, past history cases, medical information, pictures, evidence and transcripts pertaining to this case"; and (4) return Petitioner's children "within 24 hours." Doc. No. 5 at 6. Petitioner also seeks "[s]anctions as [the Court deems] appropriate." *Id.*

"[A] federal court may raise jurisdictional issues on its own initiative at any stage of litigation, and the court may dismiss a complaint for lack of subject matter jurisdiction based on the complaint alone. *To that end, federal courts generally do not decide domestic relations cases.*" *Cox v. 10th Jud. Cir.*, No. 8:22-cv-75-CEH-JSS, 2022 WL 1005279, at *1 (M.D. Fla. Mar. 10, 2022) (emphasis added) (citation omitted), *report and recommendation adopted*, 2022 WL 1001498 (M.D. Fla. Apr. 4, 2022).

Upon the Court's review of Petitioner's Amended Petition, it does not appear that subject matter jurisdiction exists over this case. Federal courts can issue writs of "mandamus to compel an officer or employee of *the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Federal courts are not appellate courts for the state courts, and a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties. *Haywood v. Unknown*, No. 1:18-CV-5665-TWT-LTW, 2018 WL 10757683, at *1 (N.D. Ga. Dec.

20, 2018) (citing *Brown v. Lewis*, 361 F. App'x 51, 56 (11th Cir. 2010) (per curiam)), *report and recommendation adopted sub nom. Haywood in interest of S.C. H. v. Unknown*, No. 1:18-CV-5665-TWT, 2019 WL 8881634 (N.D. Ga. Jan. 24, 2019).

Further, "[t]he federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) (per curiam) (citation omitted); *see Ankenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992).

> Federal courts should not abstain when the following policies favoring federal abstention are absent: "the strong state interest in domestic relations matters, the competency of state courts in settling family disputes, the possibility of incompatible federal and state decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." Consequently, federal courts should dismiss the action only if hearing the claim would mandate inquiry into the marital or parent-child relationship.

*Ingram*, 866 F.2d at 370 (citations omitted). Because all the policies favoring federal abstention are present in this matter involving the Court's inquiry into Petitioner's parental relationship with her children, dismissal for lack of subject matter jurisdiction is warranted. *See Jefferson v. Slaughter*, No. 6:22-cv-346-PGB-DAB, 2022 WL 17416788, at *4 (M.D. Fla. July 29, 2022).

4

To the extent that Petitioner is seeking to enjoin pending state court proceedings, *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny instruct district courts to "refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997) (explaining that *Younger* abstention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings). The *Younger* abstention doctrine asks three questions: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (alteration in original) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "If the answer to those inquiries is 'yes,' then federal courts must abstain from intervention in the ongoing, state-court proceedings." *Dicks-Lewis v. 5th Jud. Cir. Ct. in & for Marion Cnty.*, No. 5:19-cv-483-Oc-30PRL, 2019 WL 5339789, at *2 (M.D. Fla. Oct. 4, 2019), *report and recommendation adopted*, 2019 WL 5319220 (M.D. Fla. Oct. 21, 2019).

Here, Petitioner takes issue with actions taken in state court proceedings, which were ongoing at the time she filed her Amended Petition in this Court and continue to be litigated. Doc. No. 5-3. Because of the ongoing state court

5

proceedings, granting Petitioner's requested relief would directly interfere with the state court proceedings by barring their continuation. *See 31 Foster Child.*, 329 F.3d at 1276. Further, matters involving domestic relations implicate important state interests. *Davis v. Self*, 547 F. App'x 927, 930 (11th Cir. 2013) (per curiam) (citing *Moore v. Sims*, 442 U.S. 415, 435 (1979)). Last, Petitioner has not met her burden of establishing that the state proceedings do not provide an adequate remedy for her federal claims. *See 31 Foster Child.*, 329 F.3d at 1279. Because Petitioner does not claim that she is procedurally prevented from raising her constitutional claims in state court, abstention is appropriate. *See Dicks-Lewis*, 2019 WL 5339789, at *2.

To the extent Petitioner is seeking to void any prior state court judgments (Doc. No. 5 at 4, 9-10),

> the Court lacks jurisdiction over such claims under the *Rooker-Feldman* doctrine. "The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." The doctrine "operates as a bar to federal court jurisdiction where the issue before the court was inextricably intertwined with the state court judgment" such that "the federal claim would succeed only to the extent that the state court wrongly decided the issues."

*Id.* at *3 (citations omitted). "The *Rooker-Feldman* doctrine forecloses [Petitioner's] efforts to use this action as a mechanism to overturn final state court orders

resolving domestic relations . . . claims [she] raised, or had a reasonable opportunity to raise, in that forum." *Woodroffe v. Coffin*, No. 8:18-cv-3023-T-23CPT, 2019 WL 4718965, at *5 (M.D. Fla. June 27, 2019), *report and recommendation adopted*, 2019 WL 4694736 (M.D. Fla. Sept. 26, 2019).

Last, Petitioner's action against the state actors, including the Department and investigators from the Seminole County Sheriff's Office, appears to be barred by the Eleventh Amendment, which provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment

> generally prohibits federal courts from exercising jurisdiction over suits brought against a state by a citizen of either that state or another state. Immunity from suit under the Eleventh Amendment extends not only to actions in which the state itself is named as a defendant but also to matters in which "arms of the state" are sued. For purposes of the Eleventh Amendment, state officials acting in their official capacities, including members of the judiciary, are deemed arms of the state.
>
> Eleventh Amendment immunity admits of few exceptions. These exceptions occur "(1) where a state has expressly waived its immunity; (2) where Congress has abrogated the immunity pursuant to section five of the fourteenth amendment; and (3) where prospective injunctive relief is sought in a suit challenging the constitutionality of a state official's action."

7

*Woodroffe*, 2019 WL 4718965, at *7 (citations omitted). Petitioner has not shown that any of the above exceptions apply here. *See id.*

The Court should dismiss this case for lack of subject matter jurisdiction. Because "[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice," it is recommended that the Amended Petition be dismissed without prejudice and Petitioner's other pending motions be denied as moot. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1235 (11th Cir. 2021).

It is **RECOMMENDED** as follows:

1. Petitioner's Amended Petition (Doc. No. 5) be **DISMISSED without prejudice**;

2. Petitioner's other pending motions (Doc Nos. 7, 8, and 10) be **DENIED as moot**; and

3. The Clerk be directed to close the case.

**RECOMMENDED** on March 7, 2023.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's

factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Copies furnished to:

Petitioner *pro se*